**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO._____**

JOHN J. CAFARO

      Plaintiff,

v.

ELIA ZOIS and
MARIANA ZOIS,

      Defendants,

_____/

## <u>COMPLAINT</u>

Plaintiff, JOHN J. CAFARO, by and through undersigned counsel, sues Defendants, ELIA ZOIS ("Zois") and MARIANA ZOIS ("Ms. Zois") (collectively, Zois and Ms. Zois will be referred to as "Defendants"), and states as follows:

### General Allegations

1.      Plaintiff is a natural person and a citizen of the State of Ohio.

2.      Defendant Zois and Ms. Zois are natural persons and citizens of the State of New Jersey.

3.      No Defendant in this litigation is a citizen of the State of Ohio.

4.      Defendant Zois and Ms. Zois are married to each other and have been married to each at all times relevant to this litigation.

5.      Plaintiff is presently *sui juris*.  Further, at all times relevant to this litigation, Plaintiff has been *sui juris*.

1

6.     Defendants are presently *sui juris*.  Further, at all times relevant to this litigation, Defendants have been *sui juris*.

7.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because: (a) there is complete diversity of citizenship between the Plaintiff and Defendants; and (b) this is a civil action in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.     Defendants are subject to personal jurisdiction in the State of Florida because among things: (a) Defendant Zois entered into the contract described in this Complaint in the State of Florida; (b) Defendant Zois breached the contract described in this Complaint in the State of Florida by failing to perform acts required by the contract to be performed in the State of Florida; (c) Defendants committed one or more tortious acts in the State of Florida; and (d) Defendants engaged in substantial and not isolated activity within the State of Florida.

9.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in the Southern District of Florida.

10.     With respect to certain real property in Palm Beach County, Florida ("the Property") Plaintiff and Defendant Zois entered into a written "AS IS" Residential Contract For Sale And Purchase, a Comprehensive Rider to the Residential Contract For Sale And Purchase, FIRST ADDENDUM TO CONTRACT FOR SALE AND PURCHASE and RESIDENTIAL LEASE, all of which were entered into on February 14, 2013 as components of one integrated transaction and are hereinafter collectively referred to as "the Agreement".  A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

11.     Pursuant to the Agreement, the purchase price for the Property was $9,600,000.00.

12.     Pursuant to the Agreement, and in reasonable reliance upon Defendant Zois' commitment to perform by *inter alia*, delivering at the December 31, 2014 closing date (the "Closing Date") marketable title to the Property, as defined in the Agreement, Plaintiff has paid to and on behalf of Defendant Zois the sum of $2,264,333.21 ("the Payments").

13.     Subsequent to entering into the Agreement and making a substantial portion of the Payments, Plaintiff was served with correspondence and a notice from the IRS dated June 3, 2014 ("Notice of Levy"), a true and correct copy of which is attached hereto as **Exhibit B**.  By virtue of the Notice of Levy, Plaintiff was advised that Defendant Zois and Ms. Zois owed the United States Department of the Treasury - Internal Revenue Service ("IRS") a sum in excess of $3.2 million which was the subject of an IRS levy.

14.     Subsequent to learning of the IRS levy, Plaintiff received a Final Demand for Payment from the IRS dated August 13, 2014, demanding from Plaintiff the sum of $3,185,393.48 or any smaller amount that Plaintiff owed Defendant Zois and Ms. Zois (the "Final Demand for Payment").  A true and correct copy of the Final Demand for Payment is attached hereto as **Exhibit C**.

15.     Subsequent to entering into the Agreement and making a substantial portion of the Payments, Plaintiff also learned that Defendant Zois was and is in default of his obligation to SummitBridge Credit Investments IV LLC ("Summitbridge"), specifically, SummitBridge's loan secured by the Property and that SummitBridge had filed a lawsuit which is currently pending in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, and captioned *SummitBridge Credit Investments IV LLC v. Elia Zois, and Mariana Zois,* Case No.

2014-CA-009154 ("the Foreclosure"), due to Defendant Zois' and Mariana Zois' default on the obligation with a balance in excess of $7.9 million dollars, which amount continues to accrue interest at the agreed default rate, according to pleadings filed in the Foreclosure.

16.     Having been advised that the Property which is the subject of the Agreement was encumbered by liens in excess of $11 million dollars, on November 3, 2014, via e-mail and regular mail, counsel for Plaintiff sent to Eric C. Christu, Esq., counsel for Defendant Zois, a letter which, *inter alia*, demanded adequate assurance from Defendant Zois that he was able to deliver marketable title to the Property that in accordance with the Agreement free and clear of liens not listed as exceptions in the Agreement, including but not limited to, the IRS and SummitBridge liens, by the Closing Date ("the Adequate Assurance Letter").   A true and accurate copy of the Adequate Assurance Letter is attached hereto as **Exhibit D**.

17.     Defendant Zois has failed to provide such adequate assurance pursuant to the terms of the Adequate Assurance Letter or otherwise.

18.     In or about January 2015 Plaintiff learned that on or about October 3, 2014 Defendant Zois and Ms. Zois further encumbered title to the Property when they granted to Apple Chase Investors, LLC a consensual mortgage lien on the Property in the amount of $2 million, which mortgage was recorded on October 7, 2014 (the "Apple Chase Mortgage"), which actions demonstrate further that Defendant Zois had no intention of delivering marketable title to the Property in accordance with the Agreement and that Defendant Zois has acted for the sole purpose of fraudulently inducing Plaintiff to make the Payments.   A true and correct copy of the Apple Chase Mortgage is attached hereto as **Exhibit E**.

19.     Defendant Zois has failed to perform Defendant Zois' obligations which are conditions to the closing on the Agreement (the "Closing") by the Closing Date.  The Closing Date not been postponed for Defendant Zois to perform his obligations which are conditions to the Closing on the Agreement.  Further, Defendant Zois has not been relieved of performing his obligations which are conditions to the Closing on the Agreement.

20.     Plaintiff has engaged undersigned counsel and has agreed to pay undersigned counsel a reasonable fee.

21.     All conditions precedent to this litigation have been performed, satisfied or waived.

### COUNT I (Breach of Contract-Zois)

22.     Plaintiff re-alleges paragraphs 1 through 21 above, as though fully set forth herein.

23.     This is a claim for breach of contract.

24.     Defendant's Zois' failure to provide adequate assurance pursuant to the terms of the Adequate Assurance Letter is an act of anticipatory repudiation of Defendant Zois' obligations pursuant to the Agreement and, thus, constitutes a breach of contract.

25.     Subsequent to entering the Agreement through the time that Plaintiff learned of the IRS liens and SummitBridge Foreclosure and Defendant Zois' subsequent anticipatory repudiation, Plaintiff performed pursuant to the terms of the Agreement.

26.     Due to the IRS lien, the SummitBridge Foreclosure, Defendant Zois' breach of contract, namely, Defendant Zois' failure to perform pursuant to the terms of the Agreement, Plaintiff's performance with respect to the Contract is excused.

27.     As the direct and proximate result of Defendant Zois' breach of contract, Plaintiff has been damaged in the sum of $2,264,333.21, plus interest, fees, expenses and costs.

WHEREFORE, Plaintiff, JOHN J. CAFARO, respectfully demands judgment for compensatory damages against Defendant, ELIA ZOIS, in the amount of $2,264,333.21, plus pre-judgment interest and post-judgment interest, attorney's fees pursuant to Section 17 of the Agreement, and costs  and such other and further legal and equitable relief as determined by the Court.

### COUNT II (Promissory Estoppel)

28.     Plaintiff re-alleges the allegations contained in paragraphs 1-21 above as if fully set forth herein.

29.     This is a claim for promissory estoppel.

30.     Plaintiff detrimentally relied on Defendant Zois' promises and/or representations of material fact that is contrary to a later-asserted position.

31.     Plaintiff reasonably relied on Defendant Zois' promises or representations of material fact.

32.     As a direct and proximate result of Plaintiff's reliance on Defendant Zois' promises and/or representations of material fact, Plaintiff changed his position to his detriment, making all of the Payments in reasonable detrimental reliance upon the promises and/or representations of Defendant Zois.

33.     As the direct and proximate result of Plaintiff's reasonable reliance upon the promises and/or representations of Defendant Zois in the Agreement, and otherwise, to Plaintiff's detriment, Plaintiff has been damaged in the sum of $2,264,333.21, plus interest, fees, expenses and costs.

WHEREFORE, Plaintiff, JOHN J. CAFARO, respectfully demands judgment for compensatory damages against Defendant, ELIA ZOIS, in the amount of $2,264,333.21, plus pre-judgment interest and post-judgment interest, attorney's fees, and costs  and such other and further legal and equitable relief as determined by the Court.

### COUNT III (Fraud)

34.     Plaintiff re-alleges the allegations set forth in paragraph 1-21 above, as though fully set forth herein.

35.     This is a claim for fraud.

36.     Subsequent to entering into the Agreement, Plaintiff was served with correspondence from the IRS and the Notice of Levy.

37.     The Notice of Levy shows that at the time of entering the Agreement, Defendant Zois and Ms. Zois were in default to the IRS for an amount in excess of $3.6 million dollars for tax periods ending December 31, 2009, December 31, 2010, December 31, 2011 and December 31, 2012 (the "Delinquency").

38.     On the date that Defendant Zois executed the Agreement, Defendant Zois knew of the Delinquency.

39.     If Plaintiff had been advised of the Delinquency, Plaintiff would not have executed the Agreement and would not have made the Payments.

40.     The Delinquency was a material fact in relationship to the transaction that is the subject of the Agreement, as prior to the date of execution of the Agreement, the IRS already had assessed Defendant Zois and Ms. Zois for delinquent taxes for the period ending December 31, 2009, and Defendant Zois knew that the Delinquency would lead to further assessments and a

lien on the Property which would make it impossible for Defendant Zois to deliver marketable title to the Property pursuant to the terms of the Agreement.

41.   On February 14, 2013, Defendant Zois, in order to induce Plaintiff's execution of the Agreement and Plaintiff's performance pursuant to the Agreement, including but not limited to, the Payments, purposefully withheld Defendant Zois' knowledge of the Delinquency and the IRS assessment that already had taken place pursuant thereto (and therefore Defendant Zois withheld knowledge that he could not deliver to Plaintiff marketable title to the Property by the Closing Date as required by the Agreement).

42.   Defendant Zois' withholding from Plaintiff of information material to the transaction that is the subject of the Agreement and was known to Defendant Zois on and well before February 14, 2013, amounted to fraudulent misrepresentation/omission by Defendant Zois to Plaintiff on February 14, 2013, which was intended by Defendant Zois to induce Plaintiff's reliance, upon which Plaintiff reasonably relied to his detriment by executing the Agreement and making the Payments.

43.   As the direct and proximate result of Defendant Zois' fraudulent misrepresentation/omission and Plaintiff's reasonable reliance thereupon, to Plaintiff's detriment, Plaintiff has been damaged in the sum of $2,264,333.21, plus interest, fees, expenses and costs.

44.   Defendant Zois' fraudulent misrepresentation/omission warrants the imposition of punitive damages because he engaged in: (a) "Intentional misconduct" which is defined by Florida law to mean that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage; or (b) "Gross negligence" which is defined by Florida law to mean that the defendant's conduct was so

reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

45.     In furtherance of this fraudulent scheme, on or about October 3, 2014, Defendant Zois and Ms. Zois further encumbered title to the Property when they granted to Apple Chase Investors, LLC the Apple Chase Mortgage in the amount of $2 million; granting the Apple Chase Mortgage demonstrates that Defendant Zois had no intention of delivering marketable title to the Property in accordance with the Agreement and that Defendant Zois has acted for the sole purpose of fraudulently inducing Plaintiff to make the Payments.

46.     Defendant Ms. Zois acted in concert with Defendant Zois in furtherance of this fraudulent scheme.

WHEREFORE, Plaintiff, JOHN J. CAFARO, respectfully demands judgment for compensatory damages against Defendants, ELIA ZOIS and MARIANA ZOIS, jointly and severally, in the amount of $2,264,333.21, plus punitive damages in an amount to be determined by the Court, pre-judgment interest and post-judgment interest, costs and such other and further legal and equitable relief as determined by the Court.

## COUNT IV (Negligent Misrepresentation)

47.     Plaintiff re-alleges the allegations set forth in paragraph 1-21 above, as though fully set forth herein.

48.     This is a claim for negligent misrepresentation.

49.     In the Agreement, Defendant Zois made a misrepresentation of material fact, namely, that he could provide Plaintiff with marketable title to the Property by the Closing Date.

50.     Defendant Zois either knew of the misrepresentation, made the misrepresentation without knowledge of its true or falsity, or should have known the representation was false.

51.     Defendant Zois' negligent misrepresentation/omission warrants the imposition of punitive damages because Defendant Zois engaged in: (a) "Intentional misconduct" which is defined by Florida law to mean that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage; or (b) "Gross negligence" which is defined by Florida law to mean that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

52.     Defendant Zois intended to induce Plaintiff to act on the misrepresentation/omission.

53.     Plaintiff suffered injury acting in justifiable reliance upon the misrepresentation/omission and as the direct and proximate result thereof has been damaged in the sum of $2,264,333.21, plus interest, fees, expenses and costs.

WHEREFORE, Plaintiff, JOHN J. CAFARO, respectfully demands judgment for compensatory damages against Defendant, ELIA ZOIS, in the amount of $2,264,333.21, plus punitive damages in an amount to be determined by the Court, pre-judgment interest and post-judgment interest, and costs, and such other and further legal and equitable relief as determined by the Court.

## COUNT V (Declaratory Judgment)

54.     Plaintiff re-alleges the allegations set forth in paragraph 1-21 above, as though fully set forth herein.

55.     This a claim for declaratory judgment pursuant to Chapter 86 of the Florida Statutes.

56.     There is a bona fide, actual, present and practice need for the declaration.

57.     Plaintiff seeks a declaration from the court that Plaintiff has no further duties to Defendant Zois pursuant to the Agreement, and all money paid by Plaintiff pursuant to the Agreement must be returned to Plaintiff.

58.     The declaration deals with a present, ascertained, or ascertainable set of facts or present controversy as to a state of facts.

59.     Some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts.

60.     There is some person or persons who have, or reasonably may have, an actual, present, adverse and antagonist interest in the subject matter, either in fact or law.

61.     The antagonistic and adverse interests are all before the court by proper process or class representation.

62.     The relief sought is not merely the giving of legal advice by the court.

WHEREFORE, Plaintiff, JOHN J. CAFARO, respectfully demands declaratory judgment against Defendant, ELIA ZOIS, declaring that Defendant is required to return to Plaintiff $2,264,333.21, pre-judgment interest and post-judgment interest, and costs, and such other and further legal and equitable relief as determined by the Court.

**COUNT VI (Breach of Implied Covenant of Good Faith and Fair Dealing)**

63.     Plaintiff re-alleges the allegations set forth in paragraph 1-21 above, as though fully set forth herein.

64.     Plaintiff and Defendant Zois entered into the Agreement.

65.     Plaintiff did all, or substantially all, of the significant things that the Agreement required him to do or in the alternative, Plaintiff was excused from having to do those things.

66.     All conditions required for Defendant Zois' performance pursuant to the Agreement have occurred.

67.     Defendant Zois' actions and/or omissions unfairly interfered with Plaintiff's receipt of the Agreement's benefits.

68.     Defendant Zois' conduct did not comport with Plaintiff's reasonable contractual expectations with respect to the provision(s) of the Agreement requiring Defendant Zois to convey marketable title to the Property and the substantial deposits required by the lease (which is part of an integrated transaction that makes up the Agreement).

69.     Plaintiff was harmed by Defendant Zois' conduct.

70.     Defendant Zois has breached the implied covenant of good faith and fair dealing.

WHEREFORE, Plaintiff, JOHN J. CAFARO, respectfully demands judgment for compensatory damages against Defendant, ELIA ZOIS, in the amount of $2,264,333.21, plus pre-judgment interest and post-judgment interest, attorney's fees pursuant to Section 17 of the Agreement, and costs  and such other and further legal and equitable relief as determined by the Court.


**COUNT VII (Unjust Enrichment)**

71.     Plaintiff re-alleges the allegations set forth in paragraph 1-21 above, as though fully set forth herein.

72.     Counsel for SummitBridge sent to Plaintiff letters dated June 11, 2014, June 23, 2014 and June 24, 2014, Zois asserting rights to payment as the purported assignee of payments due to Defendant pursuant to the Agreement (the "Demand Letters").  True and correct copies of the Demand Letters are attached hereto, collectively labeled as **Exhibit F** and made a part hereof.

73.     Pursuant to the Demand Letters, Plaintiff paid SummitBridge the sum of $35,000. A true and correct copy of Plaintiff's check to SummitBridge in the sum of $35,000 evidencing such payment is attached hereto as **Exhibit G.**

74.     Plaintiff has conferred a benefit on Defendant Zois, who has knowledge thereof, namely $35,000.00 that Plaintiff paid to SummitBridge, and as a result, reduced Defendant Zois' liability to SummitBridge which is the subject of the Foreclosure.

75.     Defendant Zois voluntarily accepted and retained the benefit conferred by Plaintiff.

76.     The circumstances are such that it would be inequitable for Defendant Zois to retain the benefit without paying the value thereof to the Plaintiff.

WHEREFORE, Plaintiff, JOHN J. CAFARO, respectfully demands judgment for compensatory damages against Defendant, ELIA ZOIS, in the amount of $35,000.00, plus pre-judgment interest and post-judgment interest, costs and such other and further legal and equitable relief as determined by the Court.

## COUNT VIII (Accounting)

77.     Plaintiff re-alleges the allegations set forth in paragraph 1-21 above, as though fully set forth herein.

78.     This is a claim for an equitable accounting.

79.     With respect to the Agreement, the contract demands between Plaintiff and Defendant Zois involve extensive or complicated accounts.

80.     It is not clear that Plaintiff's remedy at law is as full, adequate and expeditious as it is in equity.

WHEREFORE, Plaintiff, JOHN J. CAFARO, respectfully demands that the Court perform an accounting with respect to the Agreement, enter a judgment against Defendant, ELIA ZOIS, requiring restitution in the amount of $2,264,333.21, plus pre-judgment interest and post-judgment interest, attorney's fees pursuant to Section 17 of the Agreement, costs and such other and further legal and equitable relief as determined by the Court.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable.

February 6, 2015                                  Respectfully Submitted,

**/s/ Richard J. Thomas**
Richard J. Thomas, Esq.
Ohio Bar No. 0038784
(Pro Hac Vice Pending)
E-mail:  rthomas@hendersoncovington.com
Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A.
6 Federal Plaza Central, Suite 1300
Youngstown, Ohio   44503
Telephone:  330-744-1148
Facsimile:    330-744-3807

Counsel for Plaintiff (Pro Hac Vice Pending)

**/s/ Daniel W. Matlow**
Daniel W. Matlow, Esq.
Florida Bar No. 384666
E-mail:  dmatlow@danmatlow.com
Daniel W. Matlow, P.A.
4600 Sheridan Street, Suite 300
Hollywood, Florida 33021
Telephone:  (954) 842-2365
Facsimile:  (954) 337-3101
Local Counsel for Plaintiff

14