IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

SUMMITBRIDGE CREDIT INVESTMENTS
IV LLC,

      Plaintiff,

v.                        CASE NO:  2014-CA-009154

ELIA ZOIS, and MARIANA ZOIS,

      Defendants.

_____/

## ORDER APPOINTING RECEIVER

THIS CAUSE came before this Court on the Emergency Motion of Plaintiff,

Summitbridge Credit Investments IV LLC ("Plaintiff") to Appoint Receiver (the

"Motion") and the Court having found that according to the Verified Complaint

and Motion to Appoint a Receiver, Defendants Elia Zois and Mariana Zois

("Borrowers") own certain real property located in Palm Beach County, Florida,

upon which Plaintiff holds a first mortgage and security interest, and that Plaintiff

also holds an assignment of rents relating to said real property; and having further

found that (1) there is no dispute that the note and mortgage are in default; (2) that

the Mortgage provides for the appointment of a receiver in the event of a default;

(3) it is clear that the Plaintiff is likely to succeed on the merits of this case; (4)

that the Borrowers have not been collecting rents; (5) that the Plaintiff will have to

rely on the collateral pledged to secure the loan since Mr. Zois is not liquid; and

(6) that the Borrowers have not met their burden of establishing that the value of



the collateral is sufficient security; and as a result, this Court further finds that good cause has been shown for the appointment of a receiver to take charge of the property subject to the mortgage and security interest.  Accordingly,

IT IS ORDERED AND ADJUDGED as follows:

***Appointment; Oath of Receiver; Bond***

1.      The Motion is GRANTED.

2.      Keith Hyatt ("Receiver") is hereby appointed Receiver of the real and personal property which is described in the Mortgage and the Assignment of Rents, which property has a street address of 870 South Ocean Boulevard, Palm Beach, Florida 33480 and which property includes any fees, rents, issues, deposits proceeds, profits, revenues or other property generated from such property (hereinafter referred to as the "Property").  This appointment of the Receiver is effective immediately upon the submission of the executed Oath and the bonds described below.

3.      Within ten (10) days of the date of this Order, the Receiver shall file in this action an Oath of Receiver in the form attached hereto as **Exhibit A**.

4.      Within ten (10) days of the date of this Order, the Receiver shall post a cash or surety bond in the amount of $10,000.00, with any surety bond being duly provided by a corporate surety in the form attached hereto as **Exhibit B**, guaranteeing performance by the Receiver of the duties and obligations of his

office of receivership. The bond is to be payable to this Court in order to provide coverage to the parties as their respective interests may appear for the loss due to acts of all agents, servants or employees of the Receiver according to the requirements and limitations set forth in this Order. The cost to the Receiver of obtaining a surety bond shall be reimbursed by the Plaintiff as additional compensation to the Receiver for acting in such capacity. In addition, within ten (10) days of the date of this Order, the Plaintiff shall also deliver to the Court a cash or surety bond in the amount of $30,000.00, with any such surety bond being duly provided by a corporate surety in the form attached hereto as **Exhibit C**. This bond is to be payable to the Court in order to provide coverage to the parties as their respective interests may be damaged in the event a Court finds the receivership was improperly imposed.

5.     The Receiver and the Receiver's attorneys and agents: (i) may rely on any and all outstanding court orders, judgments, decrees and rules of law, and shall not be liable to anyone for their own good faith compliance with any such order, judgment, decree or rule of law; (ii) may rely on, and shall be protected in any action upon, any resolution, certificate, statement, opinion, report, notice, consent, or other document believed by them to be genuine and to have been signed or presented by the proper parties; (iii) shall not be liable to anyone for their good faith compliance with their duties and responsibilities as a Receiver, or as attorney

or agent for Receiver; and (iv) shall not be liable to anyone for their acts or omissions, except upon a finding by this Court that such acts or omissions were outside the scope of their duties or were grossly negligent. Except for matters set forth in subsection (iv) of the preceding sentence, persons dealing with the Receiver shall only look to the receivership assets and bonds posted by the Receiver to satisfy any liability, and neither the Receiver nor his attorneys nor his agents shall have any personal liability to satisfy any such obligation. No party may file suit against the Receiver or his agents without having first obtained authorization from this Court.

### *Surrender of Property*

6.      Borrowers are hereby directed to immediately surrender to the Receiver all books, records, leases, contracts, past-due bills and invoices, insurance policies, insurance information, utility information, rent rolls, rent records, permits and licenses of any sort associated with the Property, including all electronically stored information of every sort pertaining to the Property. Borrowers are further instructed to execute such documents as the Receiver may reasonably require to permit him to obtain ownership or control of any books, records, leases, contracts, licenses, permits, security deposits, contract rights, utility deposits, insurance policies or other property, records, electronically stored information, or documents

which he may need to control or own in order to perform his duties and obligations under this Order.

7.    The Receiver shall take control or possession of all property, real, personal, or mixed, which is part of the Property, subject to any enforceable rights of the Tenant under that certain lease agreement (the "Lease") between the Borrowers and Defendant, John Cafaro (the "Tenant") and shall retain such control or possession until further order of this Court.  Borrowers shall turn over to the Receiver all keys, gate cards, passes, security codes, alarm codes or any other item that may be needed by the Receiver to gain access to or to secure the Property that are in their possession, custody or control.  The Receiver may provide a copy of this Order to the Tenant or any person residing at, or in possession of the Property, and any such person shall immediately provide to the Receiver all keys, gate cards, passes, security codes, alarm codes or anything else that the Receiver requests in order to gain access to any part of the Property.  In addition, the Receiver may provide a copy of this Order to any security company or other entity with access to, or control over, any alarm or security system located on the Property and may inform said company that it is the order of this Court that the Receiver be provided with all alarm and security codes needed by the Receiver to gain access to the Property, and unless otherwise ordered by this Court, the Receiver shall be included as a person with whom the security company shall communicate

regarding the Property.  The Receiver may change the locks, gate codes, access codes or alarm codes if the Receiver, in his discretion, deems it necessary or appropriate to protect the Property.

8.    During the pendency of this action, Borrowers shall be strictly prohibited from interfering with the Receiver's performance of his duties under this Order, from devaluing, depreciating or otherwise harming the Property, or from interfering in any manner with the Property or possession of the Property by the Receiver.

*Reports*

9.    Within thirty (30) days from the date of this Order, the Receiver shall file in this Court under oath an inventory of the property coming under the Receiver's possession or control.

10.    The Receiver is directed to prepare and file reports commencing on February 15, 2015 and quarterly thereafter on the 15th day of each month for the prior quarter (the "Quarterly Reports") for so long as the Property shall remain in his possession and care, which report shall be under oath, setting forth all receipts, disbursements and material changes in the Property during the prior month.  The Receiver shall file each report with the Court and shall serve by mail a copy of each such report on the attorneys of record for the parties to this cause, or directly on the parties if they are unrepresented by counsel.

11.    In addition, the Receiver shall prepare and provide to the Plaintiff a detailed, projected, monthly operating budget for the Receiver and the Property (the "Budget") on or before thirty (30) days from the date of this Order, which shall be subject to the written approval of Plaintiff.   The Plaintiff shall advise the Receiver in writing within fifteen (15) days of its receipt of the Budget whether Plaintiff approves or disapproves of the Budget.   Once approved, the Receiver shall provide a copy of the approved Budget to the Borrower.

*Authority and Powers of Receiver*

12.    From and after the date of this Order and until further order of this Court, Borrowers shall pay only necessary operating expenses associated with the Property, including without limitation, utility bills such as water, sewer, electric and telephone, unless such expenses are paid by the Receiver.   Furthermore, from and after the date of this Order, in no event shall Borrowers, or their agents or representatives, withdraw or remove any of the personal property that is attached or affixed to the real property that is the subject of this receivership.

13.    Any Rents, income or other proceeds shall be paid directly to the Receiver.   If any rents, income or other proceeds are paid to (or collected by) the Borrowers, Borrowers shall immediately turn them over to the Receiver.   All rents, income or proceeds collected by the Receiver (whether directly from the Tenant or any other person residing at the property or from the Borrowers )shall be remitted

to Plaintiff after deducting therefrom amounts sufficient to pay any normal and necessary maintenance expenses, operating expenses, and receivership expenses. Plaintiff shall apply any such proceeds received to reduce the indebtedness owed by the Borrowers.

14. The Receiver shall use his best reasonable efforts to manage, preserve, protect and maintain the Property in a reasonable, prudent, diligent and efficient manner. Without limitation of the foregoing, the Receiver shall have the following specific powers and duties:

a) The Receiver is authorized to engage, supervise, discharge and pay any agents as are necessary or appropriate to accomplish the foregoing and to assist the Receiver in accomplishing his duties as set forth herein, and may pay such agents from the revenues collected by the Receiver relating to the Property;

b) The Receiver shall determine upon taking possession of the Property whether insurance coverage exists and whether the insurance for the Property meets the requirements of insurance coverage as set forth in the Mortgage and is adequate to reasonably protect the Property. With respect to any insurance coverage in existence or obtained, the Plaintiff and Receiver shall be named as additional insureds of such insurance and Plaintiff and Borrowers, shall be listed as loss payees in any policy obtained by the Receiver. Borrowers and their agents are prohibited from canceling, reducing, or modifying any and all insurance coverage

in existence with respect to the Property.  If insurance coverage does not exist, or if the insurance on the Property does not meet the requirements set forth in the Mortgage or is otherwise inadequate to reasonably protect the Property, the Receiver shall immediately notify the parties of this lawsuit, and the Receiver shall use his best efforts to immediately procure sufficient insurance, provided, however, that if the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to adequately insuring the Property. Among other things, the Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance due to circumstances or events outside the Receiver's control and which circumstances or events were not caused by the actions of the Receiver.  To the extent that funds are not available from the Property to fund the obtaining and maintenance of insurance referenced above, Plaintiff is authorized to advance those funds and make these expenditures with cost advances pursuant to the Mortgage and any such advances shall be secured by the first priority lien of the Mortgage;

        c)    If there are any material accidents or claims for damages relating to the Property, the Receiver shall promptly investigate and, included with the Quarterly Reports, shall file a written report within 60 days of completion of his investigation detailing the material accidents and whether there are any damages, claims for damages, or any destruction to the Property and the estimated

cost of repair thereof, and in addition, shall prepare any and all reports required by an insurance company in connection therewith.

      d)    The Receiver shall control, collect and protect any fees, rents, issues, deposits, proceeds, profits, revenues or other Property generated from the Property;

      e)    The Receiver is authorized to use the fees, rents, issues, deposits, proceeds, profits, revenues or other property generated from the Property to pay any and all past due amounts incurred prior to the date of this Order that the Receiver believes are reasonable to preserve, protect, maintain and operate the Property;

      f)    The Receiver is authorized to endorse any and all rent checks payable to Borrowers and to deposit them in one or more bank accounts under the Receiver's control, which sums shall not be commingled with any other funds established and maintained by the Receiver;

      g)    The Receiver shall not incur any obligation or liability requiring expenditures in excess of $5,000 without Plaintiff's consent or prior order of this Court;

      h)    The Receiver shall further be authorized to act on all matters necessary to preserve, protect and maintain the Property, including the right to

enter into agreements to provide services, materials, equipment, furniture, carpeting, furnishings, fixtures or other personal property;

   i)  The Receiver shall maintain appropriate records and accounts concerning the Property.  Upon reasonable notice and at all reasonable times, Plaintiff, the other parties, and their respective agents and representatives shall have reasonable access to the Receiver's records, accounts, files and all other materials pertaining to the Property;

   j)  The Receiver shall forward to Borrowers, Tenant or any former tenants, as appropriate, or their counsel any mail not related to the Property;

   k)  The Receiver shall advise the Court and the parties to this cause in writing of any other affiliate relationship or pecuniary interest of the Receiver in any service contract regarding the Property;

   l)  The Receiver shall have the exclusive right to institute and engage in the marketing for sale of the Property, or any portion of the Property and to undertake all steps necessary and reasonable to achieve a sale.  In connection therewith, only after receiving Plaintiff's written approval and an Order of this Court approving the listing agreement and the real estate broker, the Receiver may cause the Property to be listed for sale.  In addition, after obtaining the written approval of the Plaintiff, the Receiver may enter into sales contracts relating to the Property.  If the Receiver enters into a contract for the sale of the Property, or

believes that the "As-Is" Residential Contract for Sale and Purchase dated February 14, 2013 between Borrowers and John Cafaro (as amended from time to time prior to November 24, 2014, the "Cafaro Contract"), the Receiver shall file a motion with this Court for approval of the contract and for authority to consummate the transaction described in said contract.   The hearing on the Receiver's motion may not be sooner than ten (10) days after filing the motion to give interested parties time to object to the motion, if appropriate. Upon entry of an Order by this Court approving any such transaction, the Receiver will be authorized to consummate such contract to sell the Property.   Thereafter, the parties shall cooperate to close the proposed sale or seek such further Orders of this Court as may be necessary to consummate such sale.   All proceeds from any sale of the Property shall be disbursed either to the Court or the Receiver for further disbursement in accordance with this Order or such further orders as this Court may issue in regard to same from time to time;

m)   With regard to the Cafaro Contract, the Receiver shall be responsible for the Seller's obligations thereunder and shall report to the Court in his Quarterly Reports as to the status of the Cafaro Contract.   The Receiver must obtain written approval from the Plaintiff and an Order from this Court before seeking to consummate the Cafaro Contract and before making any modifications or amendments to the Cafaro Contract.

n)      The Receiver has the sole and exclusive right, after obtaining approval of the Plaintiff and an Order from this Court, to: (i) enter into new leases; (ii) enforce, amend, modify, renew or cancel existing leases and other contracts and agreements relating to the Property; (iii) retain a leasing agent or broker who may be an affiliate of the Receiver; and (iv) to make expenditures for leasing commissions;

o)      In holding, retaining, managing, operating, preserving and protecting the Property, the Receiver shall not be bound by or otherwise subject to any existing agreements, any real estate listing, brokerage, sales or leasing agreements (except to the extent set forth in or executed concurrently with a currently existing lease of the Property) or any other obligation contract or agreement, other than the lease existing as of the date of this Order, which relates to the ownership, use, leasing, management, maintenance, repair, preservation or operation of the Property;

p)      The Receiver shall have authority, in place of the Borrowers, to file litigation or enforce rights relating to the Property, including, but not limited to, filing an action to evict the Tenant or any person in possession of the Property pursuant to and in accordance with the terms of the Lease or any other agreement relating to the Property.

q)      The Receiver shall ensure that the Property complies with all local and county ordinances, rules and regulations;

r)      *[intentionally left blank]*; and

s)      The Receiver may at any time upon proper notice to all parties to this action, apply to this Court for further instructions and powers whenever such instructions or powers shall be deemed necessary in order to perform properly and legally the duties of the receivership and to maintain, operate, and preserve and protect the Property.

***Receiver's Certificates***

15.     Without further order of this Court, the Receiver may from time to time borrow money from Plaintiff for the performance of his duties hereunder, and may issue Receiver's Certificates of Indebtedness ("Certificates") to evidence such borrowings.  The Certificates shall accrue interest at the interest rate provided for in the Loan Documents (as defined below) attached to the Complaint in this case. The principal and interest evidenced by each such Certificate shall be a first and priority lien and security interest upon all of the Property, and upon all fees, rents, issues, deposits proceeds, profits, revenues or other property generated from the Property.  Any such funds advanced by Plaintiff, and evidenced by the issuance of Certificates shall be considered advances made under the Loan Documents.  The lien of each Certificate shall be prior and superior to the rights, titles and interests

in the Property of all Defendants to this action, as well as to the lien of the mortgages and other security instruments for which foreclosure is sought in this action and the promissory note and other obligations secured thereby (the "Loan Documents"). The lien of each Certificate shall be prior and superior to the interest or lien of all judgment holders, construction lien claimants, and creditors of Borrowers.   Without limitation of the foregoing, the sums evidenced by each Certificate shall also be secured by the lien and security interests of the Loan Documents. Nothing herein shall obligate Plaintiff to advance all or any part of the borrowings authorized herein.

*Receiver's Fees and Costs; Professionals*

16.   The Receiver may employ Focus Management Group USA, Inc. ("FMG"), who is an affiliate of the Receiver, to provide support services to the Receiver and to otherwise assist the Receiver in performing his duties under this Order. The Receiver and FMG shall be entitled to a reasonable fee from time to time as approved by this Court except as set forth in paragraph 18 below, which fees shall be paid from the Property, or if necessary, by Plaintiff. Said fee shall be calculated at the rate of $250.00 per hour.

17.   The Receiver may employ legal counsel to furnish legal advice for such purposes as may be necessary during the period of receivership at hourly rates approved by the Plaintiff.   All expenses for legal fees incurred by the Receiver

shall be paid from the Property, subject to paragraph 18 below and subject to the provisions of this Order.

18.     The Receiver shall provide to the parties copies of all invoices for the Receiver's fees and expenses and for the fees and expenses of any professionals the Receiver engages under paragraphs 16 and 17 above. The parties shall have 5 days to object to the payment of any fees described in the invoices. Absent any objection, the Receiver may pay the fees from the Property without further order of this Court.

19.     The Receiver is hereby authorized to obtain its own liability insurance if desired, and to pay the premiums for said insurance or any required bonding from any proceeds generated by the Property, if any.

***Termination of Receivership***

20.     Receiver shall have no liability or responsibility for the acts or omission of Borrowers, and Receiver's liability in its capacity as Receiver shall be limited to the surety bond except for Receiver's gross negligence or willful misfeasance. The Plaintiff in this action shall not have any liability for any acts of the Receiver. The Receiver shall continue in place until this Court enters and order terminating the receivership; provided, however, that the receivership bond shall remain in place for a period of thirty (30) days after the entry of an order terminating the receivership. If no claims or demands against the receivership

bond are made within thirty (30) days after the entry of an order terminating the receivership, then the receivership bond shall be dissolved automatically without necessity of further order of this Court.

      **DONE AND ORDERED**, in Palm Beach County, Florida, this day of November, 2014.

                                    _____
                                      Circuit Judge

<u>With copies to:</u>

Nicholas S. Agnello, 350 E. Las Olas, Suite 1420, Ft. Lauderdale, FL 33301

Richard A. Robinson, 1201 North Market Street, Suite 1500, Wilmington, DE 19801
Counsel for Plaintiff;

Eric C. Christu, 525 Okeechobee Boulevard, Suite 1100, West Palm Beach, FL 33401
Counsel for Defendants Elia and Mariana Zois

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

SUMMITBRIDGE CREDIT INVESTMENTS
IV LLC,

        Plaintiff,

v.                               CASE NO:  2014-CA-009154

ELIA ZOIS, and MARIANA ZOIS,

        Defendants.

_____/

## OATH OF RECEIVER

BEFORE ME, the undersigned authority, this day personally appeared Keith Hyatt, who, being first duly sworn, says:

1.     That he is the person that has been appointed Receiver of the real and personal property which is the subject matter of this action, pursuant to the Order of this Court dated _____.

2.     That he will faithfully administer the properties and duties with which he has been entrusted in accordance with law.

3.     That his business address is_____.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Keith Hyatt

STATE OF FLORIDA   )

COUNTY OF _____   )

      SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2014, by Keith Hyatt. He is personally known to me or has produced _____ (type of identification) as identification.

                          _____
                          NOTARY PUBLIC, STATE OF FLORIDA

                          _____
                          (Print, Type or Stamp Commissioned Name
                              of Notary Public)

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

SUMMITBRIDGE CREDIT INVESTMENTS
IV LLC,

       **Plaintiff,**

v.                              **CASE NO: 2014-CA-009154**

ELIA ZOIS, and MARIANA ZOIS,

       **Defendants.**

_____/

## RECEIVERSHIP BOND

      KNOW ALL MEN BY THESE PRESENTS that I, Keith Hyatt, as principal ("Receiver") and _____, as Surety, are held and firm bond unto the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, in the sum of $10,000.00, in lawful money of the United States, to be paid to said Court for the benefit of the parties in this cause, as their interests may appear, for loss caused by any failure of Receiver to faithfully perform his official duties as Receiver, for which payment, while truly to be made, I bind myself and my heirs, executors, administrators, successors and assigns, jointly and severally by these presents.

      THE CONDITION OF THIS OBLIGATION is such, that whereas the Receiver was, on the _____ day of _____, 2014, appointed Receiver in the above-styled action, and Receiver has accepted said receivership with all duties and obligations pertaining thereto;

21264291 v2

NOW THEREFORE, if the Receiver, as aforesaid by his agents, servants and employees, shall obey such orders as said Court may make in relation to said receivership, and shall faithfully and truly account for all the monies, assets, and effects which shall come into his hands and possession, and shall in all respects faithfully perform all official duties as Receiver, then this obligation shall be void; otherwise, this obligation shall remain in full force and effect.

Signed this ____ day of _____, 2014.


_____
Keith Hyatt


_____
SURETY
By:_____
Its:_____

STATE OF FLORIDA   )
COUNTY OF _____   )

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2014, by Keith Hyatt.  He is personally known to me or has produced _____ (type of identification) as identification.


_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name
of Notary Public)

STATE OF FLORIDA   )

COUNTY OF _____   )

       Sworn to and subscribed before me this _____ day of _____, 2014, by _____, the _____ of _____, a corporation which is Surety hereinabove, on behalf of that corporation, who is personally known to me or who has produced _____ as identification.


                               _____
                               NOTARY PUBLIC, STATE OF FLORIDA

                               _____
                               (Print, Type or Stamp Commissioned Name
                                   of Notary Public)