UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CV-80150-BLOOM/VALLE

JOHN J. CAFARO,

    Plaintiff,

    v.

ELIA ZOIS, et al.,

    Defendants.

_____

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

THIS CAUSE is before the Court upon Plaintiff's Motion to Compel Bank of America to Comply with Subpoena (ECF No. 118) (the "Motion"). United States District Judge Beth Bloom has referred the case to the undersigned for discovery. *See* (ECF No. 64). The Court has reviewed the Motion, Non-Party Bank of America's ("Bank of America") Response (ECF No. 122), and Plaintiff's Reply (ECF No. 123), and being otherwise fully advised in the matter, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED IN PART IN DENIED IN PART** as set forth below.[1]

### I.    BACKGROUND

This is a diversity action filed by Plaintiff against Defendants for the alleged breach of an agreement to purchase real property. (ECF No. 47). On December 21, 2015, Plaintiff served non-party Bank of America with a subpoena under Federal Rule of Civil Procedure 45 (the "Subpoena"). The Subpoena requested 12 categories of documents regarding Defendants' banking

---

[1] Bank of America's submission at ECF No. 122 was also a response to an Order to Show Cause why the Motion should not be granted. *See* (ECF No. 121). Bank of America states that it was unaware of this Court's expedited discovery procedures and requests three additional days to respond to the Motion. (ECF No. 122 at 2). Bank of America's request for an extension is granted and the Court will consider the issues on the merits.

records.  (ECF No. 118-1 at 4).  On January 6, 2016, Bank of America served Plaintiff with its objections and responses to the Subpoena (ECF No. 118-3) (the "Initial Objection").  The Initial Objection included General Objections and specific objections to the individual Requests.  *Id*. Plaintiff and non-party Bank of America have since attempted to resolve the disputes regarding the Subpoena without Court intervention. *See, e.g.,* (ECF Nos. 123-1 to 123-3) (communications between counsel regarding the Subpoena and Initial Objection). Those efforts were unsuccessful and Plaintiff filed the instant Motion.

In the Motion, Plaintiff confirms that he has narrowed the scope of certain Requests and withdrawn others.[2]  (ECF No. 118 at 6).  On February 26, 2016, Bank of America filed a Response to the Motion and simultaneously produced "bate-stamped non-privileged documents in [its] possession that [had] been located . . . (as limited by Plaintiff's counsel)."  (ECF No. 122 at 2). Bank of America's document production was made after obtaining Defendants' authoritzation and subject to the Protective Order previously entered in the case.  *Id.* at 2, 5.  Bank of America produced 58 pages, which included the promissory note and mortgage, loan modification documents, two demand letters issued to Defendants, a loan history report, a handwritten personal financial statement, and property appraisals. (ECF No. 123 at 2 n.2).

## II.   DISCUSSION

### A.   General Objections

This District does not recognize generalized boilerplate objections.  *See, e.g., Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("Judges in this District typically condemn boilerplate objections as legally inadequate or "meaningless.'"); *Benfatto v. Wachovia Bank, N.A.*, No. 08–CIV–60646, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008)

---

[2] Plaintiff has withdrawn Request Nos. 2 and 11. *See* (ECF No. 118 at 6). Consequently, the Motion to compel as to these Requests is **DENIED AS MOOT**.

("[G]eneralized objections, which purport to object to each and every category of documents, are not recognized by this Court."). Boilerplate objections may also border on a frivolous response to discovery requests. *Steed v. Everhome Mortgage Co.*, 308 Fed. App'x 364, 371 (11th Cir. 2009).

Here, Bank of America's response to the Subpoena contains almost three full pages of "General Objections," asserting that the Requests fail to define certain terms, are duplicative of documents sought from Defendants, seek irrelevant information, are vague, overbroad and unduly burdensome, and are subject to an unspecified privilege. (ECF No. 118-3 at 2-4). These General Objections are inappropriate. Moreover, as noted above, Plaintiff has already voluntarily narrowed the Requests and Bank of America has produced certain responsive documents. Consequently, the Court overrules the General Objections.

B. **Specific Objections**

1. **Request Nos. 1 and 3**

Plaintiff has narrowed Request No. 1 to "those statements and records submitted in connection with the [Loan] related to the Mortgage on the Property."[3] (ECF No. 118 at 6). Plaintiff also narrowed Request No. 3 to "those documents [that] are responsive to Request No. 1." *Id.*

In response to the Motion, Bank of America maintains its objection to Request No. 1, arguing that it is overbroad and ambiguous. (ECF No. 122 at 6). According to Bank of America, the terms "statements" and "records" in Request No. 1 are undefined and it is unclear who would have submitted the documents. *Id.* Additionally, Bank of America objects to Request No. 1 in that it seeks documents "reflecting the Bank's analysis and reliance on data to make business decisions, including selling the loan." *Id.* at 7. Bank of America argues that this information is "proprietary and confidential work product utilized by the Bank to internally assess its litigation and other options following default on a loan." *Id.*

---

[3] All capitalized terms not defined in this Order shall have the meaning set forth in the Motion.

Plaintiff has confirmed that it is not seeking Bank of America's internal analysis or confidential work product. (ECF No. 123 at 4). Consequently, the Motion to compel documents responsive to Request No. 1 is **GRANTED** as set forth in this Order. Specifically, the responsive statements and records are limited to those submitted by Defendants to Bank of America in connection with the Loan. The Motion to Compel documents responsive to Request No. 3, however, is **DENIED** as duplicative of Request No. 1.

   2.   **Request Nos. 4 and 5**

Plaintiff narrowed Request No. 4 to "formal appraisal or informal estimates concerning the Property." (ECF No. 118 at 6). Request No. 5 is also narrowed to "payment histories of the Loan, and account statements as of September 30, 2012, and February 14, 2013." *Id.* Beyond Bank of America's Initial Objection, the Response does not further address Request Nos. 4 and 5.[4] The Court overrules the Initial Objection to these Requests. Consequently, the Motion to Compel documents responsive to Request Nos. 4 and 5 is **GRANTED** as set forth in this Order.

   3.   **Request Nos. 6 through 10**

Plaintiff narrowed Request Nos. 6 through 10 to documents related to the Loan.[5] (ECF No. 118 at 6 and 118-1 at 4). Again, beyond its Initial Objection to these Requests, Bank of America does not further address Request Nos. 6 through 10 in its Response. The Court overrules the Initial Objection to Request Nos. 6 through 10 because Plaintiff has appropriately defined and narrowed and the scope of these Requests to the Loan. Consequently, the Motion to Compel documents responsive to Request Nos. 6 through 10 is **GRANTED** as set forth in this Order.

---

[4] Bank of America's Initial Objection to Request Nos. 4 and 5 include vagueness, overbreadth, undue burden, and relevance. (ECF No. 118-3 at 7, 8).

[5] Request Nos. 6 and 7 initially sought promissory notes and personal guarantees signed by Defendants. (ECF No. 118-1 at 4). Request Nos. 8 and 9 sought loan forbearance agreements and modification agreements between Bank of America and Defendants. *Id.* Lastly, Request No. 10 sought notices of default sent by Bank of America to Defendants. *Id.*

    **4.**    **Request No. 12**

In Request No. 12, Plaintiff seeks a certificate from Bank of America to authenticate the production of documents, which would avoid having to call a witness at trial. (ECF No. 118-1 at 4). Although Bank of America's counsel has since agreed to provide the authentication, counsel has not yet done so. See (ECF No. 123 at 3). Consequently, the Motion to compel a response to Request No. 12 is **GRANTED**. Bank of America must respond to Request No. 12 by the date set forth below.

    **C.**    **Bank of America's Assertion of a Privilege**

As discussed above, Plaintiff narrowed the scope of the Requests (both in the Motion and his Reply) and Bank of America served a limited number of responsive documents. Bank of America appears to have withheld responsive documents based upon a "proprietary" or "confidential" privilege, *see* (ECF No. 122 at 7), but has failed to serve a corresponding privilege log. Therefore, to the extent that Bank of America maintains its objection to the production of responsive documents based upon a privilege, it must serve an appropriate privilege log in accordance with Federal Rule of Civil Procedures 26(b)(5).[6]

    **D.**    **Attorney's Fees and Costs**

Plaintiff and Bank of America have made competing requests for attorney's fees and costs incurred in connection with the Subpoena and Motion. *See* (ECF No. 118 at 10-11); (ECF No. 122 at 11).

---

[6] The privilege log should identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. *NIACCF, Inc. v. Cold Stone Creamery, Inc.*, No. 12-cv-20756, 2014 WL 4545918, *5 (S.D. Fla. Sept. 12, 2014) (citing *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5057844, at *9 (S.D. Fla. Oct. 18, 2012). Thus, a proper privilege log should contain the following information regarding the challenged entries: (1) the name and job title or capacity of the author of the document; (2) the name and job title or capacity of each recipient of the document; (3) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than the author(s); (4) the title and description of the document; (5) the subject matter addressed in the document; (6) the purpose(s) for which it was prepared or communicated; and (7) the specific basis for the claim that it is privileged. *Id.*

As to Plaintiff's request, the Court finds that, except for the General Objections, Bank of America's Initial Objection was substantially justified. Consequently, Plaintiff's request for attorney's fees and costs is **DENIED**.

As to Bank of America's request, although Federal Rule of Civil Procedure generally protects a non-party against significant expense resulting from compliance with a subpoena, Fed. R. Civ. P. 45(d)(2)(ii), Bank of America has not shown that it has incurred significant expense in producing 58 pages of responsive documents. Additionally, Plaintiff's Motion was substantially justified and resulted in Bank of America's document production on February 26, 2016. Consequently, Bank of America's request for attorney's fees and costs is also **DENIED**.

### III.   CONCLUSION

Accordingly, the Motion (ECF No. 118) is **GRANTED IN PART AND DENIED IN PART** as set forth below:

1. The Motion is **GRANTED** as to Request Nos. 1, 4 through 10, and 12. By **March 16, 2016**, Bank of America must supplement its responses to the Subpoena, including producing the documents ordered above, and serving a privilege log, if necessary.

2. The Motion is **DENIED** as to Request No. 3.

3. The Motion is **DENIED AS MOOT** as to Request Nos. 2 and 11.

4. Plaintiff and Bank of America's competing requests for attorney's fees and costs in connection with the Subpoena and Motion are **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on March 9, 2016.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
     All Counsel of Record