UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-80150-BLOOM/Valle

JOHN J. CAFARO,

    Plaintiff/Counter-Defendant,

v.

ELIA ZOIS,
and MARIANA ZOIS,

    Defendants,

KEITH HYATT,

    Defendant/Counter Claimant.

                                         /

## ORDER

**THIS CAUSE** is before the Court upon SummitBridge Credit Investments IV LLC's ("SummitBridge") Motion for Determination of No Just Cause for Delay with Regard to Finality of the Judgment Pursuant to Federal Rule 54(b), ECF No. [213] (the "Motion"), filed on August 3, 2017. As assignee of the Final Judgment the Court entered in favor of the Receiver, Keith Hyatt, and against the Plaintiff/Counter-Defendant, John J. Cafaro, on July 19, 2016, ECF No. [183], SummitBridge seeks a determination that it is entitled to immediately enforce the Final Judgment. Cafaro filed a Response to the Motion on August 17, 2017, arguing certification of the Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure would be premature given the Eleventh Circuit Court of Appeals' May 23, 2017 opinion reversing summary judgment on Cafaro's fraud claim. ECF No. [217]. SummitBridge filed a Reply in Support of its Motion on August 24, 2017. ECF No. [221].

The factual and procedural background is set forth in detail in the Court's July 18, 2016 Order on Motions for Summary Judgment, ECF No. [182], and only the relevant portions are discussed again here. In that Order, the Court granted summary judgment in favor of the

Defendants, Ella Zois and Mariana Zois, as to Counts I (Breach of Contract), II (Promissory Estoppel), III (Fraud), IV (Negligent Misrepresentation), V (Unjust Enrichment), VI (Fraudulent Transfer Under the Florida Uniform Fraudulent Transfer Act ("FUFTA")), VIII (Agency), and IX (Declaratory Judgment) of Cafaro's Second Amended Complaint, and the Court dismissed Counts VII (Tortious Interference), X (Breach of Contract – Receiver), and XI (Declaratory Judgment – Receiver) of the Second Amended Complaint. *Id.* at 42. Pursuant to Rule 56(f), the Court also entered summary judgment in favor of the Receiver as to Count I of the Receiver's counterclaim (Breach of Contract), and in favor of Cafaro as to Count II of the Receiver's counterclaim (Unjust Enrichment). *Id.* Consistent with the Order, the Court entered a Final Judgment in favor of the Receiver and against Cafaro, awarding the Receiver $210,000.00 in liquidated damages. ECF No. [183].

In granting summary judgment in favor of E. Zois on Cafaro's breach of contract claim, the Court found that Cafaro materially breached the Agreement, and that E. Zois did not anticipatorily breach the Agreement before Cafaro did so. ECF No. [182] at 20. Specifically, the Court found that Cafaro breached the Agreement by failing to make monthly payments after July 2014. *Id.* The Court reasoned that Cafaro's failure to make payments was not excused by various encumbrances upon the Property (or by Cafaro's demand for assurances in November 2014), but that Cafaro's failure *did* excuse E. Zois's subsequent failure to schedule closing, provide title commitment, and transfer marketable title to the Property. With regard to Cafaro's fraud claim, the Court found no special relationship of "trust and confidence" existed between Cafaro and E. Zois during the negotiation of the rent-to-own Agreement. *Id.* at 28. And because there was no evidence E. Zois undertook to disclose information during the parties' arms-length transaction, E. Zois did not owe a duty to disclose information about his tax delinquency. *Id.*

The Court *sua sponte* granted summary judgment in favor of the Receiver and against Cafaro on the Receiver's counterclaim for breach of contract, and in favor of Cafaro on the Receiver's counterclaim for unjust enrichment. ECF No. [182] at 38–40. With regard to the breach of contract claim, the Court noted that "the Receiver stands in E. Zois' shoes." *Id.* at 39. As a result, the Court explained, "it logically flows that the Receiver is entitled to the damages available to E. Zois as the seller under the Agreement resulting from [Cafaro's] breach of contract for failing to pay the required monthly payments." *Id.* However, the Court found the Receiver's unjust enrichment claim was "precluded by the existence of an express contract between the parties governing the subject matter in dispute." *Id.* at 40.

Cafaro appealed, and on May 23, 2017, the Eleventh Circuit issued an opinion affirming in part and denying in part the Court's Order. ECF No. [205]. The Eleventh Circuit affirmed the Court's summary judgment ruling as to Cafaro's breach of contract and FUFTA claims and the Receiver's breach of contract claim, but reversed as to Cafaro's fraud claim. *Id.* at 18. The Eleventh Circuit found that, viewing the evidence in the light most favorable to Cafaro, a genuine issue of material fact exists in this case "as to whether E. Zois promised, but never intended, to deliver title to Cafaro," and also as to whether E. Zois undertook to disclose material information but failed to disclose that information fully. *Id.* at 16-17.

Through its Motion, SummitBridge, as the Receiver's assignee, now moves for a determination that there is no just cause for delay with respect to the finality of the Final Judgment, solely with regard to the claims and defenses of the Receiver against Cafaro. SummitBridge contends the Final Judgment was affirmed entirely with respect to the Receiver, and that the Receiver's claims and defenses against Cafaro have been fully litigated. ECF No. [213] at ¶ 2. According to SummitBridge, Cafaro's fraud claim "does not direct any allegations whatsoever at the Receiver." *Id.* SummitBridge argues a finding in its favor would serve the interest of justice

and sound judicial administration because "SummitBridge is entitled to enforce its judgment, regardless of the outcome of Cafaro's claim for fraud against the Zois[es]." *Id.* at ¶ 9. Cafaro, on the other hand, argues the Motion should be denied because SummitBridge ignores how the Eleventh Circuit's reversal of summary judgment on the fraud claim changes the overall posture of the case. According to Cafaro, if his pending fraud count is successful, it would "render voidable and could lead to the rescission of the Agreement upon which SummitBridge's partial summary judgment ruling is founded." ECF No. [217] at 5.

Federal Rule of Civil Procedure 54(b) provides as follows:

> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

A judgment may be certified under Rule 54(b) when it "complete[ly] dispose[s] of at least one substantive claim." *Brandt v. Bassett (In re Southeast Banking Corp.)*, 69 F.3d 1539, 1547 (11th Cir. 1995). Although courts have discretion in evaluating whether there is "just reason for delay," the Eleventh Circuit has explained that the Rule should be used sparingly, and should be "reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi v. City of Huntsville Bd. Of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997) (citing *In re Southeast Banking Corp.*, 69 F.3d at 1550 (internal quotation and citation omitted)). Certification is appropriate "only if there exists some danger of hardship or injustice through delay . . . ." *In re Southeast Banking Corp.*, 69 F.3d at 1547 n.2.

Although the parties dispute what impact, if any, the Eleventh Circuit's reversal of summary judgment on Cafaro's fraud claim may have on the Court's holding with regard to the Receiver's breach of contract claim, the Court need not resolve the dispute at this stage because SummitBridge has not articulated a "pressing need" — or really any consideration — that warrants certification of the Final Judgment under Rule 54(b). A jury trial is currently scheduled to commence in November 2017, which is less than two months away. *See* ECF No. [206]. Once a jury verdict has been rendered, the Court will be in a better position to assess whether the resolution of Cafaro's fraud claim is actually inconsistent with the Final Judgment entered in accordance with the Court's summary judgment Order. Having "balanced judicial administrative interests and relevant equitable concerns," *West Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 2010 WL 11504834, *4 (S.D. Fla. Mar. 10, 2010) (internal citation and quotation marks omitted), the Court finds there is no basis for certifying the Final Judgment at this stage given that all claims in this action will soon be resolved. Accordingly, it is

**ORDERED AND ADJUDGED** that SummitBridge's Motion for Determination of No Just Cause for Delay With Regard to the Finality of the Final Judgment Pursuant to Federal Rule 54(b), **ECF No. [213]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 19th day of September 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of record